MB3GresP

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

            v.                           22 Cr. 192 (JSR)

MALVIN RESTITUYO,
                                         Plea
            Defendant.
------------------------------x
                                         New York, N.Y.
                                         November 3, 2022
                                         5:00 p.m.

Before:

                  HON. JED S. RAKOFF,

                                         District Judge


                       APPEARANCES

DAMIAN WILLIAMS
     United States Attorney for the
     Southern District of New York
DOMINIC A. GENTILE
     Assistant United States Attorney

DAVID E. PATTON
     Federal Defenders of New York, Inc.
     Attorney for the Defendant
CLAY KAMINSKY

Also Present:

Jill Hoskins, Interpreter (Spanish)
```

1               (Case called)
2               THE DEPUTY CLERK:  Will the parties please identify
3      themselves for the record.
4               MR. GENTILE:  Dominic Gentile for the United States.
5               MR. KAMINSKY:  Good afternoon, your Honor.  Clay
6      Kaminsky for Mr. Restituyo.
7               THE COURT:  Because of where he's sitting, I really
8      can't see the defendant, maybe he should move over a little to
9      the left.
10              MR. KAMINSKY:  Is that better, your Honor?
11              THE COURT:  That's fine.
12              I understand the defendant wishes to withdraw his
13     previously entered plea of not guilty and enter a plea of
14     guilty to a superseding information.
15              Is that correct?
16              MR. KAMINSKY:  It is, your Honor.
17              THE COURT:  So we'll place the defendant under oath.
18     So the defendant should rise.
19              (Defendant sworn)
20              THE COURT:  Let me first advise you that because you
21     are under oath, anything you say that is false could subject
22     you to punishment for perjury or obstruction of justice for
23     making a false statement.
24              Do you understand?
25              THE DEFENDANT:  Yes.

MB3GresP

THE COURT:  And how old are you?

THE DEFENDANT:  33.

THE COURT:  How far did you go in school?

THE DEFENDANT:  I was in school until sixth grade.

THE COURT:  Now, the record should reflect that I received what I regard as a really excellent report from clinical psychologist Dr. Drob.  And she concludes, after a very detailed report, that Mr. -- how do you pronounce your name?

THE DEFENDANT:  Restituyo.

THE COURT:  -- Restituyo is competent to assist in his defense.  And even my short questioning of him in the last few minutes seems to confirm that he understands what this is all about, but we'll have some other questions later.  But I just want to make sure that counsel also, so far as they have been involved with this defendant, believe he is competent.

Mr. Kaminsky.

MR. KAMINSKY:  Yes, your Honor.  I asked Dr. Drob to write in report because I did believe that Mr. Restituyo had cognitive deficits.  But having reviewed the report and having met with Mr. Restituyo, especially in the lead up to this plea, I believe that he is competent.

THE COURT:  The government.

MR. GENTILE:  Your Honor, I have had extensive interactions with Mr. Restituyo, so yes, the government is

1    comfortable.
2             THE COURT:  Very good.
3             So I'm not going to belabor the record with his
4    psychological history and the various tests that were
5    administered by Dr. Drob, as well as her inquiries and her
6    looking into his medical and psychological record.  But the
7    report is supporting that finding of competency.  And
8    therefore, on the basis of the defendant's responses to my
9    questions, my observations of his demeanor, the input from
10   counsel and the conclusion of Dr. Drob after a very extensive
11   investigation of his competency, I find that the defendant is
12   fully competent to enter an informed plea at this time.
13            Now, Mr. Restituyo, you have a right to be represented
14   by a lawyer at every stage of these proceedings.
15            Do you understand that?
16            THE DEFENDANT:  Yes.
17            THE COURT:  And if you can't afford counsel, then as
18   has already occurred, one will be appointed to represent you
19   free of charge.
20            Do you understand that?
21            THE DEFENDANT:  Yes.
22            THE COURT:  And so you are represented by
23   Mr. Kaminsky, the Federal Defenders.  Are you satisfied with
24   his representation?
25            THE DEFENDANT:  Yes.

MB3GresP

1  THE COURT:  Have you had a full opportunity to discuss
2  this matter with him?
3  THE DEFENDANT:  Yes.
4  THE COURT:  And have you told him everything you know
5  about this matter?
6  THE DEFENDANT:  Yes.
7  THE COURT:  Now, the government proposes to have you
8  plead to what's called a superseding information, which reads
9  as follows:  The United States Attorney charges, on or about
10  June 23rd, 2019 in the Southern District of New York and
11  elsewhere, that Malvin Restituyo, also known as Puto, the
12  defendant, knowingly did sell and otherwise dispose of
13  ammunition, to wit two .38 caliber bullets to a person knowing
14  and having reasonable cause to believe that such person was
15  then an unlawful user of a controlled substance as defined in
16  Title 21 United States Code §802.
17  Let me ask the defendant, you have already had that
18  read to you in Spanish previously, yes?
19  THE DEFENDANT:  Yes.
20  THE COURT:  And you have gone over it with your
21  lawyer?
22  THE DEFENDANT:  Yes.
23  THE COURT:  And you understand the charge against you?
24  THE DEFENDANT:  Yes.
25  THE COURT:  Now, under the United States Constitution,

this charge would normally have to be presented to what's called a grand jury, which is a group of private citizens who would hear evidence and could only bring this charge if they found there was probable cause to believe you had committed this crime.

So do you understand that you have a constitutional right to have this charge presented to a grand jury?

THE DEFENDANT:  Yes.

THE COURT:  But I understand you are prepared to give up that right and to have the government file this information directly against you; is that right?

THE DEFENDANT:  Yes.

THE COURT:  And in that connection, did you earlier today, when you were before Magistrate Moses sign an agreement to let the government bring this charge directly against you?

THE DEFENDANT:  Yes.

THE COURT:  So I will accept for filing superseding information S3 22 Cr. 192.

Now, even though this charge has now been filed, you can still go to trial if you want, but I understand you wish to plead guilty.

THE DEFENDANT:  Yes.

THE COURT:  Before I can accept any plea of guilty, I need to make certain that you understand the rights that you will be giving up if you plead guilty, so I want to go over

MB3GresP

1   with you now the rights that you will be giving up.
2              Do you understand that?
3              THE DEFENDANT:  Yes.
4              THE COURT:  First, you have a right to a speedy and a
5   public trial by a jury on the charge against you.
6              Do you understand that?
7              THE DEFENDANT:  Yes.
8              THE COURT:  Second, if there were a trial, you would
9   be presumed innocent and the government would be required to
10  prove your guilt beyond a reasonable doubt before you could be
11  convicted of this charge.
12             Do you understand that?
13             THE DEFENDANT:  Yes.
14             THE COURT:  Third, at the trial, you have the right to
15  be represented by counsel.  Once again, if you still could not
16  afford counsel, I would continue the representation of you by
17  the Federal Defenders free of charge.
18             Do you understand that?
19             THE DEFENDANT:  Yes.
20             THE COURT:  Fourth, at the trial, you would have the
21  right to see and hear all of the witnesses against you and your
22  attorney could object to the government's evidence and
23  cross-examine the government's witnesses and offer evidence on
24  your own behalf, if you so desired, and have subpoenas issued
25  to compel evidence on your own behalf.

MB3GresP

          Do you understand all that?

          THE DEFENDANT:  Yes.

          THE COURT:  Fifth, at the trial, you would have the right to testify if you wanted to, but no one could force you to testify if you did not want to, and no inference of guilt could be drawn against you simply because you chose not to testify.

          Do you understand that?

          THE DEFENDANT:  Yes.

          THE COURT:  Sixth, even if you were convicted, you would have the right to appeal your conviction.

          Do you understand that?

          THE DEFENDANT:  Yes.

          THE COURT:  Finally, do you understand that if you plead guilty, you will be giving up each and every one of the rights we just discussed?

          THE DEFENDANT:  Yes.

          THE COURT:  Now, the maximum punishment you face, if you plead guilty to this charge, is ten years in prison plus up to three years supervised release to follow any imprisonment, plus a fine, whichever is greatest, either $250,000 or twice the amount of money derived from this crime or twice the loss to any victims of this crime, plus a mandatory $100 special assessment.

          Do you understand those are the maximum punishments

MB3GresP

1 you face if you plead guilty?

2 THE DEFENDANT:  Yes.

3 THE COURT:  Now, also, do you understand that if I do
4 impose a term of supervised release and you violate any of the
5 terms of supervised release, that violation even by itself
6 could subject you to further imprisonment?

7 Do you understand that?

8 THE DEFENDANT:  Yes.

9 THE COURT:  Now, of course, at this time, I have no
10 idea what sentence I will impose if you plead guilty, but one
11 of the things I will look at are the guidelines, which are not
12 binding on the Court, but which the Court may consider in
13 imposing sentence.

14 Have you gone over the guidelines with your lawyer?

15 THE DEFENDANT:  Yes.

16 THE COURT:  And in this regard, I have been furnished
17 with a letter agreement, which we will now mark as Court
18 Exhibit 1 to today's proceeding, and it takes the form of a
19 letter from the government prosecutor to your lawyer.  It
20 appears that you signed it earlier today.

21 Is that right?

22 THE DEFENDANT:  Yes.

23 THE COURT:  And before signing it, was it read to you
24 in Spanish?

25 THE DEFENDANT:  Yes.

1    THE COURT: And did you discuss it with your lawyer?
2    THE DEFENDANT: Yes.
3    THE COURT: And did you understand the terms of this
4    letter?
5    THE DEFENDANT: Yes.
6    THE COURT: And did you sign it in order to indicate
7    your agreement to the terms?
8    THE DEFENDANT: Yes.
9    THE COURT: Now, this letter agreement is binding
10   between you and the government, but it is not binding on me, it
11   is not binding on the Court.
12   Do you understand that?
13   THE DEFENDANT: Yes.
14   THE COURT: For example, this letter says that you and
15   the government have stipulated that the guideline range is 97
16   to 120 months' imprisonment. I may agree with that or I may
17   disagree with it. And even if I agree with it, I may sentence
18   you within the guidelines or lower. And wherever I come out,
19   if you plead guilty, you will still be bound by my sentence.
20   Do you understand?
21   THE DEFENDANT: Yes.
22   THE COURT: More generally, do you understand that if
23   anyone has made any kind of prediction or estimate of what your
24   sentence will be in this case, that person may be wrong. And
25   nevertheless, if you plead guilty, you will still be bound by

MB3GresP

1  my sentence.
2      Do you understand that?
3      THE DEFENDANT:  You mean the ten years?
4      THE COURT:  So I may sentence you to ten years, I may
5  sentence you to less.  It's totally up to me.
6      Do you understand?
7      THE DEFENDANT:  Okay.
8      THE COURT:  Does the government represent that this
9  letter agreement that we have now marked as Court Exhibit 1 is
10 the entirety of any and all agreements between the government
11 and this defendant?
12     MR. GENTILE:  It does, your Honor.
13     THE COURT:  Does defense counsel agree with that?
14     MR. KAMINSKY:  Yes, your Honor.
15     THE COURT:  Let me ask the defendant, has anyone else
16 made any kind of promise to you of any kind in connection with
17 your entering this plea?
18     MR. KAMINSKY:  Your Honor, I have.
19     THE COURT:  You have?
20     MR. KAMINSKY:  I have.  I have advised Mr. Restituyo,
21 notwithstanding the advisory language in the plea agreement,
22 that he will not be subject to deportation on the basis of this
23 plea.  And I have advised him on the basis of a 2022 board of
24 immigration appeals case.
25     THE COURT:  So other than that, Mr. Defendant, other

1   than what the government put in their agreement and what your

2   lawyer just said, has anyone else made any kind of promise to

3   you in connection with your pleading guilty?

4       THE DEFENDANT:  No.

5       THE COURT:  Has anyone threatened or coerced you in

6   any way to get you to plead guilty?

7       THE DEFENDANT:  No.

8       THE COURT:  Does the government represent that if this

9   case were to go to trial, it could, with competent evidence,

10  prove every single element of this charge beyond a reasonable

11  doubt?

12      MR. GENTILE:  It does, your Honor.

13      THE COURT:  Does defense know of any likely defense

14  that would likely prevail at trial or any other reason that the

15  defendant should not plead guilty?

16      MR. KAMINSKY:  No, your Honor.

17      THE COURT:  In light of all that, Mr. Restituyo -- and

18  some day I'll get your name right, and I apologize -- tell me

19  in your own words what it is that you did that makes you guilty

20  of this charge.

21      THE DEFENDANT:  In June of 2019 in the Bronx, I gave

22  bullets to another person.  I knew that that person used

23  illegal drugs.

24      THE COURT:  And you knew that what you were doing was

25  wrong, yes?

MB3GresP

|   |   |
|---|---|
| 1 | THE DEFENDANT:  No. |
| 2 | THE COURT:  No?  Why did you give him the bullets? |
| 3 | MR. KAMINSKY:  Just a moment, your Honor.  May I. |
| 4 | (Conferring) |
| 5 | MR. KAMINSKY:  Thank you, your Honor. |
| 6 | THE COURT:  Let me go back. |
| 7 | When you gave this person the bullets, did you know |
| 8 | that what you were doing was wrong? |
| 9 | THE DEFENDANT:  Yes. |
| 10 | THE COURT:  Is there anything else regarding any |
| 11 | aspect of the allocution that either counsel wishes the Court |
| 12 | to further inquire about before I ask the defendant to formally |
| 13 | enter his plea? |
| 14 | Anything else from the government? |
| 15 | MR. GENTILE:  No, your Honor. |
| 16 | But there is just one or two things that we would like |
| 17 | to put on the record, if we could. |
| 18 | THE COURT:  Go ahead. |
| 19 | MR. GENTILE:  Under the terms of the plea agreement, |
| 20 | the defendant has agreed that he will not file a direct appeal |
| 21 | or collateral attack under 28 USC 2255 and 2241 so long as any |
| 22 | sentence imposed is within or below the stipulated guidelines |
| 23 | range of 97 to 120 months. |
| 24 | THE COURT:  Did you want me to inquire further about |
| 25 | that or you just wanted to place it on the record? |

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

1     MR. GENTILE:  If you wouldn't mind inquiring, I just
2  wanted to make sure the defendant knew.
3     THE COURT:  Say it again because I didn't catch
4  everything you just said.
5     MR. GENTILE:  Under the terms of the plea agreement,
6  the defendant agrees that he will not file a direct appeal
7  or --
8     THE COURT:  I'm sorry, I now know what you are talking
9  about.
10     Mr. Restituyo, I think I told you previously that this
11  letter agreement is not binding on me, but it is binding
12  between you and the government.
13     You understand that, yes?
14     THE DEFENDANT:  Yes.
15     THE COURT:  And as part of this agreement, you have
16  agreed that if I sentence you within the guidelines or below
17  the guidelines, you will not appeal or otherwise attack your
18  sentence.
19     Do you understand?
20     THE DEFENDANT:  Yes.
21     THE COURT:  Anything else?
22     MR. GENTILE:  Just one other thing, Judge.  If the
23  Court could inform the defendant that his guilty plea may carry
24  some adverse immigration consequences, notwithstanding defense
25  counsel's representation.

1     THE COURT:  Yes.
2     You were told by your lawyer that, in his view, you
3 don't face deportation.  But nevertheless, you should know that
4 a plea of guilty may adversely affect your immigration status.
5     Do you understand?
6     MR. KAMINSKY:  Just a moment, your Honor.
7     (Conferring)
8     THE COURT:  I see the defendant was nodding his head.
9 Was that a yes answer to my question?
10    THE DEFENDANT:  Yes.
11    THE COURT:  Okay.  Anything else from the government?
12    MR. GENTILE:  No, your Honor.  Thank you.
13    THE COURT:  Anything from defense counsel?
14    MR. KAMINSKY:  No, your Honor.  Thank you.
15    THE COURT:  Mr. Restituyo, in light of everything we
16 have now discussed, how do you now plead to this superseding
17 information; guilty or not guilty?
18    THE DEFENDANT:  Guilty.
19    THE COURT:  Because the defendant has acknowledged his
20 guilt as charged, because he has shown that he understands his
21 rights and because his plea is entered knowingly and
22 voluntarily and is supported by an independent basis in fact
23 containing each of the essential elements of the offense, I
24 accept his plea and adjudge him guilty of superseding
25 information S3 22 Cr. 192.

MB3GresP

            Now, the next stage in this process is that you will be interviewed by a probation officer, who will then prepare a report to come to me to help me determine your sentence.

            Do you understand that that is the next phase?

            THE DEFENDANT:  Yes.

            THE COURT:  And you can have your counsel with you when you meet with the probation officer.  But ultimately, it's you who needs to answer the questions put to you by the probation officer.

            You understand that, yes?

            THE DEFENDANT:  Yes.

            THE COURT:  After that report is in draft form, but before it is in final form, you and your counsel and also government counsel will have a chance to review it and to offer suggestions, corrections and additions to the probation officer, who will then prepare the report in final to come to me.  Independent of that, counsel for both sides can submit directly to the Court in writing any and all materials bearing on any aspect of sentence, provided those materials are submitted no later than one week before sentencing.

            And we will put the sentence down for March 7th at 4:00 p.m.

            Now, I have to tell the defendant, I have already developed a positive feeling about you.  I think I really like the way you listened carefully to these questions and

MB3GresP

1   responded.  So you are off to a good start.  But we'll see how
2   it goes after I receive all the materials.
3           And let me mention to counsel, if there's no
4   objection, I will retain *in camera* a copy of Dr. Drob's report,
5   which I think is very useful to me.
6           MR. KAMINSKY:  Yes, your Honor.
7           MR. GENTILE:  Yes, your Honor.
8           THE COURT:  Very good.
9           Anything else we need to take up today?
10          MR. GENTILE:  Not from the government, your Honor.
11          MR. KAMINSKY:  No, your Honor.  Thank you.
12          THE COURT:  Very good.  Thanks a lot.
13          (Adjourned)